1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC, | ) | Case No.: 11-CV-03096-LHK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING PLAINTIFF'S |
| v. | ) | MOTION FOR DEFAULT JUDGMENT |
| | ) | |
| KIM HUNG HO, ET AL., | ) | (re: dkt. #18) |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

The Clerk of the Court entered default against Defendant Kim Hung Ho, doing business as Thoa Cafe ("Defendant"), after Defendant failed to appear or otherwise respond to the Summons and Complaint within the time prescribed by the Federal Rules of Civil Procedure.  ECF No. 14. Before the Court is Plaintiff G & G Closed Circuit Events, LLC's motion for default judgment. *See* ECF No. 18.  Defendant, not having appeared in this action to date, has not opposed the motion.  Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument.  For the reasons discussed below, Plaintiff's motion for default judgment is GRANTED.

## I.     BACKGROUND

Plaintiff is a distributor of sports and entertainment programming, and alleges that it owns

exclusive commercial distribution rights to broadcast the closed-circuit program *"Strikeforce: MI Global: Fedor Emilianenko v. Fabricio Werdum"* ("Program"), telecast nationwide on June 26, 2010.  Compl. ¶ 9, ECF No. 1.  Plaintiff alleges that the program was unlawfully intercepted and exhibited by Defendant at his commercial establishment, Thoa Cafe, located in San Jose, California.  *Id.* ¶ 12.  On June 23, 2011, Plaintiff filed this action for violations of the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605 and 47 U.S.C. § 553, as well as violations of California law against conversion and California Business and Professions Code § 17200.  In the pending motion for default judgment, however, Plaintiff seeks damages only under § 605 and for conversion.  Mem. of P. & A. in Supp. of Pl.'s Appl. for Default J. by the Ct. ("Mot.") at 5, ECF No. 18, Ex. 2.

## II.    DISCUSSION

Plaintiff requests $10,000 in statutory damages for violation of 47 U.S.C. § 605(e)(3)(C)(i)(II), *id.* at 13, and $100,000 in enhanced damages for willful violation of 47 U.S.C. § 605(e)(3)(C)(ii), *id.* at 21.  With respect to its conversion claim, Plaintiff seeks $1,600, the amount Defendant would have been required to pay had he ordered the Program from Plaintiff.  *Id.* at 22.  Plaintiff also seeks costs and attorney fees pursuant to 47 U.S.C. § 605(e)(3)(b)(iii), *id.* at 10, though Plaintiff has not briefed this issue or provided the Court with the amount of fees requested, *see generally id.*  Satisfied of its subject matter jurisdiction (federal statutes at issue) and personal jurisdiction (Defendant resides and does business in California), the Court shall proceed to review Plaintiff's motion for default judgment.

### A. Default Judgment

Pursuant to Federal Rule of Civil Procedure 55(b)(2), when the defendant fails to timely answer a complaint, the plaintiff may move the court for an entry of default judgment.  The grant of a default judgment is within the discretion of the court. *See Draper v. Coombs,* 792 F.2d 915, 924 (9th Cir. 1986).  In exercising discretion to enter default judgment, the court should consider the following factors: "(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure

United States District Court
For the Northern District of California

1  favoring decisions on the merits." *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986).

2        Here, the Court finds that the *Eitel* factors favor entry of default judgment.  First, Plaintiff

3  will be prejudiced if default judgment is not entered.  Plaintiff has presented proof of adequate

4  service of process, and Defendant has failed to timely answer, leading the Clerk of Court to enter

5  default against Defendant.  *See* ECF Nos. 8, 14-15.  Because Defendant has refused to take part in

6  the litigation, Plaintiff will be denied the right to adjudicate its claims and obtain relief if default

7  judgment is not granted.  Second, Defendant has not presented a defense or otherwise

8  communicated with the Court.  *See generally*, ECF Nos. 1-24.  Accordingly, there is no indication

9  that Defendant's default was due to excusable neglect or that the material facts are subject to

10  dispute.  Third, although entry of default judgment may not be appropriate where a large sum of

11  money is at stake, *see Eitel v. McCool,* 782 F.2d at 1472, here the damages sought are statutory,

12  and the amount is left to the Court's discretion.

13        The merits of Plaintiff's claims and the sufficiency of the Complaint also favor entry of

14  default judgment.  Once the Clerk of Court enters default, all well-pleaded allegations regarding

15  liability are taken as true, except as to the amount of damages.  *Fair Hous. of Marin v. Combs,* 285

16  F.3d 899, 906 (9th Cir. 2002); *Geddes v. United Fin. Group,* 559 F.2d 557, 560 (9th Cir. 1977).

17  Plaintiff has adequately alleged a violation of 47 U.S.C. § 605 and conversion by claiming that

18  Defendant knowingly decrypted and displayed the Program for commercial gain and without

19  paying to Plaintiff its rightful license fee.  *See* Compl. ¶¶ 12-13, 24-25.  Taken as true, these

20  allegations are sufficient to establish a claim for violations of the Federal Communications Act and

21  for conversion.

22        Finally, although strong public policy favors decisions on the merits, in light of Defendant's

23  refusal to litigate, it does not appear that litigation of the merits will be possible in this case.  In

24  sum, the Court finds that the *Eitel* factors collectively favor entry of default judgment.  The Court

25  therefore GRANTS Plaintiff's motion for entry of default judgment.

      **B.  Damages**

26          **a.  Statutory Damages under Section 605(e)(3)(C)(i)(II)**

27        Section 605(e)(3)(c)(i)(II) provides that an aggrieved party may recover a sum of not less

28  than \$1,000 and not more than \$10,000 for each violation of § 605(a), as the Court considers just.

3

United States District Court
For the Northern District of California

1   "A traditional method of determining statutory damages is to estimate either the loss incurred by

2   the plaintiff or the profits made by the defendants." *Joe Hand Promotions v. Kim Thuy Ho,* No. C-

3   09-01435, 2009 WL 3047231, at *1 (N.D. Cal. Sept.18, 2009) (citing *Garden City Boxing Club v.*

4   *Zavala,* No. C-07-5925, 2008 WL 3875272, at *1 (N.D.Cal. Aug. 18, 2008)).

5       Plaintiff submits evidence that a commercial license for the broadcast of the Program would

6   have cost Defendant $1,600.00, based on Thoa Cafe's 85-person capacity.[1]  Supp. Aff. of Joseph

7   M. Gagliardi ("Gagliardi Aff."), at 3, ECF No. 20; Mot. at 21 n.5.  Alternatively, as to Defendant's

8   potential profit, Plaintiff submits evidence that up to 33 patrons were present at Thoa Cafe at the

9   time of the Program, that there was no cover charge, and that there was no minimum purchase

10  requirement.  *See* ECF No. 18, Ex. 3, Aff. of John Poblete ("Poblete Decl.") at 3.  As there is no

11  evidence of how much Defendant profited from the unlawful exhibition of the Program, the court

12  shall base statutory damages on the cost of the commercial license.  Accordingly, the Court finds

13  that Plaintiff is entitled to $1,600 in statutory damages.

14      Notably, Plaintiff argues that the maximum statutory damages of $10,000 should be

15  awarded in part because "Defendant broadcasted the Program on eleven televisions."  Mot. at 13,

16  14, 18.  However, the Court notes that Mr. Poblete's Declaration does not adequately support this

17  assertion.  This Declaration takes the form of a fill-in-the-blank document.  *See* Poblete Decl.  One

18  line of this form states, "I observed __ televisions located inside this establishment."  Below this

19  line is the explicit direction that the investigator should fill in the "total # of TVs" in the

20  establishment, and the numeral "11" has been filled in on this line.  *Id.* at 2.  Lower on this

21  document is the form statement, "I observed the following program on the above televisions:"

22  followed by Mr. Poblete's description of the Program at issue in this litigation.  Id.  Nowhere does

23  this form ask how many of the establishment's total number of televisions actually displayed

24  Plaintiff's program.  Instead, by requiring investigators to state they "observed the following

25  program on the above televisions," referring to the line on which the investigator indicated the

26  _____

[1] The Court notes that in a previous case against the same Defendant, with respect to a different
27  program shown in the same establishment, a related plaintiff requested a $2,000 license based on
evidence submitted that the Thoa Café had a 200-person capacity.  *J & J Sports Productions, Inc.*
28  *v. Kim Hung Ho*, No. 11-01163, 2012 WL 146634 at *2 (N.D. Cal. Jan. 18, 2012).  Because
Plaintiff is seeking a lesser statutory damage award and award for conversion here, the Court will
credit the Poblete Declaration and the statement that a license is valued at $1,600.

Case No.: 11-CV-03096-LHK
ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

"total [number] of [televisions]," the form requires Plaintiff's investigator to state the Program was displayed on every television in Defendant's establishment. This is insufficient to establish the actual number of televisions displaying the Program.

The Court further notes that, although this Declaration articulates Mr. Poblante's observations of June 26, 2010, it was neither transcribed nor signed until July 1, 2010. *Id.* at 2-3. The information on which Plaintiff wishes the Court to base an award of maximum damages could therefore be unreliable. As the number of televisions actually displaying the Program is unclear, the Court declines to award the maximum statutory damages on this basis.

### b.  Enhanced Damages under Section 605(e)(3)(C)(ii)

47 U.S.C. § 605(e)(3)(C)(ii) authorizes the Court to award up to $100,000, in its discretion, upon finding that the violation "was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." Here, although there is no evidence that Defendant advertised the fight, imposed a cover charge, or had a minimum purchase requirement, Plaintiff has presented evidence that Defendant had eleven televisions in its commercial establishment and was displaying the Program on at least some, if not all, of them, while there were between 28 and 33 patrons present. *See* Poblete Aff. at 1. Plaintiff also submits that the broadcast was encrypted and subject to distribution rights, and thus Defendant "must have undertaken specific wrongful actions in order to intercept and/or receive and broadcast the encrypted telecast." Mot. at 11. Courts have found similar facts sufficient to support a finding of willful violation for commercial advantage and financial gain, and have accordingly awarded enhanced damages on such grounds. *See, e.g., Joe Hand Promotions, Inc. v. Meola,* No. C-10-4781, 2011 WL 2111802, at \*5 (N.D. Cal. Apr. 22, 2011) (awarding $1,000 in statutory damages based on plaintiff's actual losses and $5,000 in enhanced damages under Section 605, where 50 patrons were present and no cover charge was imposed); *J & J Sports Prods., Inc. v. Mosley,* No. C-10-5126, 2011 WL 2066713, at \*5 (N.D. Cal. Apr. 13, 2011) (awarding $2,500 based on plaintiff's actual losses and $2,500 in enhanced damages under Section 553, where 17 patrons were present and no cover charge was incurred); *Joe Hand Promotions Inc. v. Piacente,* No. C-10-3429, 2011 WL 2111467, at \*6 (N.D. Cal. Apr. 11, 2011) (awarding $1,000 in statutory damages based on plaintiff's actual losses and $5,000 in enhanced damages under Section 605, where 25 patrons were present and no

5

cover charge was imposed); *J & J Sports Prods. v. Ho,* No. 10-CV-01883, 2010 WL 3912179, at *1 (N.D. Cal. Oct. 5, 2010) (awarding $1,600 in statutory damages based on plaintiff's actual losses plus $10,000 in enhanced damages under Section 605, where 68 patrons were present and no cover charge was imposed); *Garden City Boxing Club, Inc. v. Lan Thu Tran,* No. C-05-05017, 2006 WL 2691431, at *1-2 (N.D. Cal. Sept.20, 2006) (awarding $1,000 in statutory damages based on plaintiff's actual losses and $5,000 in enhanced damages under section 605, where 40 patrons were present and a $10 cover charge was imposed).

While numerous courts in the Northern District have awarded enhanced damages of $5,000 or less where the case involved a limited number of patrons and no cover charge, here Plaintiff has presented evidence that Defendant is a repeat offender, which is a factor justifying the award of enhanced damages. In fact, this Court has previously awarded enhanced damages of $10,000 and $12,000, respectively, against this Defendant in a default judgment order based on evidence that other actions had been brought against Defendant for similar violations. *See J & J Sports Prods., Inc. v. Kim Hung Ho,* 2010 WL 3912179; *see also J & J Sports Prods., Inc. v. Kim Hung Ho*, No. 11-CV-01163-LHK, 2012 WL 146634 (N.D. Cal. Jan. 18, 2012). Plaintiff has submitted evidence of this Court's October 5, 2010 and January 18, 2012 default judgment orders against Defendant, as well as another default judgment issued by this District against Defendant on December 14, 2011. *See* ECF No. 15, Ex. 4, Supp. Decl. of Thomas Riley ¶¶ 4-5 & Exs. 1-3.

In light of Defendant's status as a repeat offender, the Court finds that an enhanced award is justified. In its previous order granting default judgment against this Defendant, the Court awarded $12,000 in enhanced damages. Nevertheless, the Court does not agree with Plaintiff that the maximum damages award of $100,000 is warranted because the unlawful conduct that forms the basis for the instant Complaint occurred prior to the Court's October 5, 2010 and January 18, 2012 default judgment orders. *See* Compl. ¶ 9 (Program was telecast on June 26, 2010). Defendant thus was not on notice of these enhanced damages awards at the time of the operative conduct at issue. Moreover, as discussed above, in light of the factual inconsistencies regarding the capacity at the Thoa Café, and the number of televisions actually displaying the programming, the Court finds that a maximum award is inappropriate. However, this appears to be at least the fifth judgment against Defendant for violation of 47 U.S.C. § 605. *See J & J Sports Prods., Inc. v. Ho,* 2010 WL

6

3912179; *G & G Closed Circuit Events, LLC v. Ho,* No. 10-CV-05716-EJD, 2011 WL 6217598 (N.D. Cal. Dec. 14, 2011); *J & J Sports Prods., Inc. v. Kim Hung Ho*, 2012 WL 146634; *Joe Hand Promotions, Inc. v. Ho,* 2009 WL 3047231.[2]  Defendant's repeated violations evidence a willfulness that warrants a greater enhanced damages award.  Accordingly, the Court finds an enhanced damages award of $15,000 reasonable under the circumstances.

### c.   Damages for Conversion

Plaintiff also seeks $1,600 in damages for conversion under California Civil Code § 3336. The elements of conversion are (1) ownership of a right to possession of property; (2) wrongful disposition of the property right of another; and (3) damages.  *See G.S. Rasmussen & Assoc. v. Kalitta Flying Serv.,* 958 F.2d 896, 906 (9th Cir.1992).  Here, Plaintiff's well-pleaded allegations regarding liability, which are taken as true in light of the Clerk's entry of default, are sufficient to entitle Plaintiff to damages.  Plaintiff alleges ownership of the distribution rights to the Program, misappropriation of those rights by Defendants' unlawful interception, and damages.  *See* Compl. ¶¶ 23-26.  Damages for conversion are based on the value of the property at the time of conversion. *See Tyrone Pac. Intern., Inc. v. MV Eurychili,* 658 F.2d 664, 666 (9th Cir.1981).  As noted above, the commercial license would have cost Defendants $1,600.00, and thus Plaintiff's request is appropriate.  Accordingly, Plaintiff is entitled to $1,600.00 in damages for conversion.

### d.   Costs and Fees

Costs and reasonable attorney's fees are recoverable under 47 U.S.C. § 605(e)(3)(b)(iii). Plaintiff's counsel seeks recovery of fees and costs, but did not attach an affidavit of attorney's fees and costs to the motion for default judgment.  Accordingly, Plaintiff's counsel shall submit a curriculum vitae or resume, billing and cost records, and other documents supporting his request for reasonable attorney's fees and costs within 30 days of the date of this Order.

### III.     CONCLUSION

---

[2] Defendant Kim Hung Ho is also known as Kim Thuy Ho.  *See J & J Sports Prods., Inc. v. Ho,* 2010 WL 3912179, at *1.  Default judgment in all of these cases is entered against either Kim Hung Ho d/b/a Thoa Café or Kim Thuy Ho d/b/a Thoa Café.  In another case, it is unclear whether default judgment was intended to be entered against Kim Thuy Ho or Kim Thuy Vo, and thus the Court does not count that case towards Defendant's repeat offender history.  *See Garden City Boxing Club, Inc. v. Nghia T. Nguyen and Kim Thuy Ho,* No. 06-CV-05637-RMW (N.D. Cal. Aug. 9, 2007).

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1     For the reasons detailed above, Plaintiff's motion for default judgment is GRANTED.

2 Judgment shall be entered in favor of Plaintiff G & G Closed Circuit Events, LLC, and against

3 Defendant Kim Hung Ho.  Plaintiff shall recover $18,200.00 in total damages.  If Plaintiff's

4 counsel wishes to recover attorney's fees and costs, he must file an affidavit and supporting

5 documentation within 30 days of the date of this Order.  The Clerk shall close the file.

6

7 **IT IS SO ORDERED.**

8 Dated: April 16, 2012



9 LUCY H. KOH
United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.: 11-CV-03096-LHK
ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

*(left margin, rotated)* **United States District Court**
For the Northern District of California