UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KIM HUNG HO, ET AL., ) <br> ) <br> Defendants. ) <br> ) | Case No.: 11-CV-03096-LHK <br><br> ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES |

On April 16, 2012, the Court granted Plaintiff G & G Closed Circuit Events, LLC's motion for default judgment in this commercial piracy case involving Plaintiff's unlawful interception of Plaintiff's Program, "*Strikeforce: MI Global: Fedor Emilinaenko v. Fabricio Werdum*." *See* ECF No. 26. The Court awarded Plaintiff $18,200.00 in damages for conversion and pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II). *Id.* at 8. On May 16, 2012, Plaintiff filed an application for attorneys' fees and costs pursuant to 47 U.S.C. § 605(e)(3)(b)(iii). ECF No. 27. The Clerk of the Court awarded $195.52 in costs. ECF No. 28.[1] Accordingly, only the attorneys' fees remain pending. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument. For the reasons discussed below, Plaintiff's application for attorneys' fees is

---

[1] The Clerk declined to award $500.00 sought in investigative expenses as outside the ambit of Civil Local Rule 54-3. The Court notes that the Clerk's denial of investigative expenses is in accordance with other decisions in this District. *See, e.g.*, *Joe Hand Promotions, Inc. v. White*, 11-CV-01331-CW-JSC, 2011 WL 6749061, at *3 (N.D. Cal. Dec. 6, 2011) (finding that Plaintiff's pre-filing investigation costs were not recoverable), *report and recommendation adopted*, 11-CV-1331-CW, 2011 WL 6749065 (N.D. Cal. Dec. 23, 2011).

1

Case No.: 11-CV-03096-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES

GRANTED IN PART and DENIED IN PART.

## I.     DISCUSSION

Reasonable attorney's fees are recoverable under 47 U.S.C. § 605(e)(3)(b)(iii). To calculate the amount of attorneys' fees, the Court uses the "lodestar" method. *See Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (citing *Caudle v. Bristow Optical Co., Inc.*, 224 F.3d 1014, 1028 (9th Cir. 1996)). The lodestar is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *Id.* "In determining reasonable hours, counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended. Those hours may be reduced by the court where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary." *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210 (9th Cir. 1986) (internal citations omitted). The district court must base its determination whether to award fees on its judgment as to whether "the work product . . . was both useful and of a type ordinarily necessary to advance the . . . litigation." *Armstrong v. Davis*, 318 F.3d 965, 971 (9th Cir. 2003).

"In determining a reasonable number of hours, the Court must review detailed time records to determine whether the hours claimed by the applicant were unnecessary, duplicative or excessive." *Defenbaugh v. JBC & Assoc., Inc.*, No. 03–0651, 2004 WL 1874978 (N.D. Cal. Aug. 10, 2004) (citing *Chalmers*, 796 F.2d at 1210). Where there is a lack of opposition to a party's motions, or where the instant action is routine or substantially similar to prior actions brought by the same attorney, a court may find requests for attorney's fees excessive. *E.g., Owen v. Brachfeld*, No. 07–4400, 2008 WL 5130619 (N.D. Cal. Dec. 5, 2008) (where counsel requested reimbursement for a total of 8.9 attorney hours for preparing a summary judgment motion, the court awarded only half the requested fees because defendants did not oppose the motion and the drafting document was "a matter of course in his practice" and "almost identical to that filed in connection with a similar motion"); *Sanchez v. Bank of Am.*, No. 09–5574, 2010 WL 2382347, at *5 (N.D. Cal. June 10, 2010) (in calculating attorney's fees, the court reduced the number of

Case No.: 11-CV-03096-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES

reasonable hours from 89.8 to thirty, in light of the fact that defendant had "defended itself in near-identical prior actions by other plaintiffs" represented by the same attorney).

Here, Plaintiff's request for $2,479.50 in fees was calculated based on a chart in the Declaration of Thomas P. Riley. However, this amount is not the product of contemporaneous time records. Rather, Plaintiff states: "Billable hours for legal services rendered are reconstructed by way of a thorough review of the files themselves. Having handled thousands of commercial signal piracy files over the last decade and a half, we are most capable of calculating billable hours for legal services rendered." ECF No. 27-1. Thus, the chart in the Riley Declaration is a reconstruction of nineteen different billing entries based on counsel's review of the case file and yields the following totals:

Lead Attorney time: 2.53 hours at $450.00 per hour = $1,138.5.00

Research Attorney time: 2.00 hours at $300.00 per hour = $600.00

Paralegal time: 2 hours at $150.00 per hour = $300.00

Administrative Assistant: 5.88 hours at $75.00 per hour = $441.00

Plaintiff's billing records fall short of the type of detailed time records courts require. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 438 n.13 (1983) (finding that the district court properly reduced the hours of one attorney by thirty percent to account in part for his failure to keep contemporaneous time records); *Joe Hand Promotions, Inc. v. Be*, No. 11-CV-1333-LHK, 2011 WL 5105375, at *7 (N.D. Cal. Oct.26, 2011) (denying plaintiff's request for attorney's fees under nearly identical circumstances); *Zynga Game Network Inc. v. Erkan*, No. 09-CV-3264-SC, 2010 WL 3463630, at *2 (N.D. Cal. Aug.31, 2010) (denying a motion for attorney's fees where plaintiff failed to attach actual billing records). Because the billing records were not created contemporaneously, the Court finds that they are inherently less reliable. The Court finds that in some instances the billing entries represent unnecessary expenditures and in other instances the billing entries overstate the amount of time reasonably attributable to the activity.

Specifically, the Court finds that the hours expended on reviewing the Court's Order regarding reassignment of the case (.15 hours of attorney time and .15 hours of administrative

3

Case No.: 11-CV-03096-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES

1  assistant time) and preparing an ex parte application for an order continuing case management
2  conference (.5 hours of attorney time) were both unnecessary and excessive.  Neither of these
3  activities require legal work, nor were they "useful and of a type ordinarily necessary to advance
4  the . . . litigation."  *Armstrong*, 318 F.3d at 971.  Accordingly, the Court reduces the total
5  fee request by the amount represented by these activities.  That is, the Court reduces the total award
6  by $303.75.[2]

7  Moreover, the Court finds that the remaining $2,175.75[3] of Plaintiff's requested fees are
8  duplicative and excessive.  For example, the $600 billed for 2 hours of administrative assistant time
9  and 1 hour of attorney time to prepare a boilerplate complaint, which is nearly identical to
10 numerous other complaints filed by Plaintiff's counsel in this Court, is duplicative and excessive.
11 Furthermore, the $900 billed for 2 hours of attorney time and 2 hours of paralegal time to prepare the
12 form motion for attorneys' fees is also duplicative and excessive.  *See Joe Hand Promotions, Inc.*
13 *v. White*, 2011 WL 6749061, at *3 (finding motion for attorneys' fees and default judgment to be
14 form motions, citing cases involving virtually identical motions, and reducing fees by one third); *J*
15 *& J Sports Prods., Inc. v. TCOS Enters., Inc.*, 10-CV-7130, 2012 WL 1361655, at *1-2 (E.D. Pa.
16 Apr. 19, 2012) (reducing requested fees for Mr. Riley, unnamed research attorney, paralegal and
17 administrative assistant due to boilerplate nature of the filings).  Accordingly, the Court reduces the
18 requested fees by one third, i.e. by $718.00.[4]

19 **II.    CONCLUSION**

20 For the foregoing reasons, Plaintiff's application for attorney's fees is GRANTED IN
21 PART and DENIED IN PART.  The Court awards Plaintiff $1,457.75 in attorneys' fees.[5]

22 **IT IS SO ORDERED.**

23 Dated: July 25, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

---

[2] $11.25 + $ 67.5 + $225.00 = $303.75
[3] $2,479.5 - $303.75 = $2,175.75
[4] $2,175.75 * .33 = $718.00
[5] $2,479.50 - $303.75 - $718.00 = $1,457.75

4
Case No.: 11-CV-03096-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES